UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMANUEL SCOTT CHARRON** | CIVIL ACTION NO. |
| **VERSUS** | SECTION " " |
| **HORNBECK OFFSHORE SERVICES, LLC** | MAGISTRATE |
| | RULE 9(H) |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel comes EMANUEL SCOTT CHARRON, a person of the full age of majority, and resident of the State of Florida, who files this Complaint against **HORNBECK OFFSHORE SERVICES, LLC** for personal injury damages, and in support thereof would show unto the Court the following:

**I.**

Defendant, HORNBECK OFFSHORE SERVICES, LLC, is a domestic limited liability company authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Covington, Louisiana.

**II.**

Jurisdiction of this Honorable Court is based on Article 3 § 2 of the United States Constitution, The Jones Act, 46 U.S.C. § 30104, et seq., the General Maritime Laws of the United States, and/or 28 U.S.C. 1333. This action is filed without prepayment of costs pursuant to 28 U.S.C. § 1916.

### III.

These claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

### IV.

That, at all times relevant, defendant, HORNBECK OFFSHORE SERVICES, LLC, was the employer of EMANUEL SCOTT CHARRON.

### V.

On or about February 25, 2018, defendant, HORNBECK OFFSHORE SERVICES, LLC, owned, operated and/or managed or controlled a vessel, the M/V HOS CAROUSEL, which was navigating the Gulf of Mexico and engaged in commercial operations.

### VI.

On or about February 25, 2018, plaintiff was employed as an Able Seaman and was a member of the crew aboard the M/V HOS CAROUSEL and was severely injured in the course of his employment when, while attempting to free cables on drilling pipes that had been improperly and unsafely stowed aboard the vessel, and with inadequate crew and equipment provided to safely move the pipes and perform this operation, he sustained injury to his left knee, and other component parts of his body and mind.

### VII.

The aforementioned injuries were proximately caused by the of the legal fault, negligence, carelessness and omission of duty on the part of defendant, HORNBECK OFFSHORE SERVICES, LLC, and the unseaworthiness of the M/V HOS CAROUSEL, without any legal fault, negligence, carelessness, or omission of duty on the part of plaintiff causing, or in any way contributing thereto.

## VIII.

The legal fault, negligence, carelessness, and omission of duty on the part of defendant consist of the following non-exclusive acts and omissions:

1) In failing to properly, safely, and sufficiently stow the cargo on the vessel;

2) In failing to properly equip, man, provision, maintain, repair, and operate the vessel under its control including the vessel's appurtenances and equipment;

3) In failing to provide plaintiff with a safe and non-hazardous workplace;

4) In failing to operate the vessel in a safe manner;

5) In failing to use reasonable care;

6) In failing to see what should have been seen and if having seen, in failing to heed;

7) In failing to warn Plaintiff concerning conditions on the vessel which caused it to be unfit, unsafe, and unsuitable;

8) In failing to adopt practices, policies and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff; and

9) Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

## IX.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness, or omission of duty on the part of defendant set out above, plaintiff pleads and is entitled to rely upon the doctrine of *res ipsa loquitur.*

**X.**

As a result of all acts and/or omissions and unseaworthiness set forth in this complaint, HORNBECK OFFSHORE SERVICES, LLC is liable unto plaintiff for all damages as are reasonable in the premises, which consist of, but are not limited to, the following:

a) Past, present and future physical pain, suffering and loss of function;

b) Past, present and future mental pain, anguish and suffering;

c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d) Past, present and future loss of wages including but not limited to loss of salary and fringe benefits;

e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement;

f) Past, present and future loss of enjoyment of life;

g) Any and all other damages to be shown at the trial of this matter.

**XI.**

As a seaman, EMANUEL SCOTT CHARRON is entitled to maintenance and cure commencing February 25, 2018, and to continue until he has reached maximum medical cure. Plaintiff hereby demands the payment of any and all maintenance since the accident and any and all related medical bills. Prior to the date of his aforesaid injuries, your petitioner was an able-bodied man, capable of and actually engaged in manual labor, supporting himself and his dependents.

**WHEREFORE**, EMANUEL SCOTT CHARRON prays that after due proceedings are had, there be judgment entered for plaintiff against defendant, HORNBECK OFFSHORE SERVICES, LLC, for all damages as are reasonable in the premises, and for maintenance and cure, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and all general and equitable relief.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 526-1156
FACSIMILE:  (504) 324-0738

BY:     */s/ A. Spencer Gulden*_____
         A. SPENCER GULDEN, NO. 23110

**PLEASE SERVE:**

**HORNBECK OFFSHORE SERVICES, LLC**
Through its agent for service of process:
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802